IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSÉ E. RÍOS COLÓN**, *et al.*,

    Plaintiffs,

    v.

**UNITED STATES OF AMERICA**, *et al.*,

    Defendants.

Civil No. 10-1681 (BJM)

## OPINION AND ORDER

In this action under the Federal Tort Claims Act ("FTCA"), José E. Ríos Colón ("Ríos"), his mother Mayra Ivette Colón González, stepfather Harold López Torres, sister Samaris Ríos Colón, and father José Ríos González (collectively, "plaintiffs") sued the United States of America and the United States Army Corps of Engineers ("the Corps") (collectively, "the government") for damages arising out of an auto accident that occurred at a detour on a government highway project. (Docket No. 1, hereinafter "Compl."). Before the court is the government's second motion for summary judgment on grounds of sovereign immunity. (Docket No. 45). Plaintiffs opposed. (Docket No. 51). The case is before me by consent of the parties. (Docket No. 21). For the reasons that follow, the government's motion is **granted.**

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case are summarized here after applying Local Rule 56, which structures the presentation of proof at summary judgment.[1]

---

[1] The rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," CMI Capital Market Inv. v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008), and prevents parties from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." Mariani-Colón v. Dep't of Homeland Sec., 511 F.3d 216, 219 (1st Cir. 2007). The penalty for noncompliance is severe: "If the party opposing summary judgment fails to comply with Local Rule 56(c), the rule permits the district court to treat the moving party's statement of facts as uncontested." Id. Thus, litigants ignore the rule "at their peril." Id.

    A motion for summary judgment must be supported by "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." Local Rule 56(b). The opposing party must admit, deny, or qualify the moving party's facts by

*Underlying Dispute and Procedural History*

For context, I will briefly summarize the facts established in the record for the government's first motion for summary judgment. The Corps and the Commonwealth's Department of Natural and Environmental Resources ("DRNA") agreed to create a flood control system for the Rio Grande de Arecibo. The Corps selected Toledo Electrical Corporation ("Toledo") as its contractor, and tasked it with building six 72-inch pipes under highway PR-10. Toledo submitted a "Value Engineering Construction Proposal" to build a temporary detour to PR-10, destroying and rebuilding the original segment of highway instead of tunneling under it. The detour proposal was approved. About seven weeks after the detour opened, plaintiff Ríos was driving on PR-10 and hit a concrete barrier in the detour. According to Ríos, he was unfamiliar with the road, was temporarily blinded by the sun, and followed lane markings into the barrier.

The government's first motion for summary judgment was granted in part. (Docket No. 41). The government argued that sovereign immunity precluded plaintiffs' claims under the discretionary function exception to the FTCA. For purposes of that analysis, plaintiffs' claims fell into two theoretical categories: (1) those claims based on the government's choice "to open a detour that was dangerous *by design*," and (2) those claims based on the government's choice of opening "a detour that did not *conform to its design*, specifically with respect to warning signs and lane striping." (Id., p. 7-8). The governmental actions in the former category were protected by sovereign immunity because they were discretionary choices susceptible to policy analysis; on the record before the court, those in the latter category were not susceptible to policy analysis. (Id., p. 11-12). The court therefore dismissed those claims "arising out of the Government's

---

reference to each numbered paragraph, and may make a separately numbered statement of material facts. Local Rule 56(c). The moving party may reply and admit, deny, or qualify the opponent's newly-stated facts, again in a separate statement and by reference to each numbered paragraph. Local Rule 56(d). Any facts supported by citation to record evidence and not properly controverted as described by the rule are deemed admitted. Local Rule 56(e).

design choices in the PR-10 detour." (Docket No. 41, p. 14). As a result, the only issue in the instant motion for summary judgment is whether Toledo was an "independent contractor" such that the government remains immune from suit on the latter category of claims.

*The Corps-Toledo Relationship*

A document dated August 6, 2004 entitled "Construction Solicitation and Specifications" provides a sketch of what terms would ultimately govern the Toledo contract.[2] (Docket No. 45-1). On July 3, 2007, DTOP sent a "Notice of Approval for Construction" to Toledo engineer Gerardo R. Ortíz Guzmán, stating that approval of request for construction number 91-06-021-02-PU will be granted upon the posting of a bond.[3] (Def. St., ¶ 3). The Corps approved Toledo's detour proposal in a September 6, 2007 letter stating that the design "remains [Toledo's] alternative solution for the culvert crossing of PR-10," that Toledo was responsible for "fully develop[ing] the design and coordinat[ing] it for approval from the Government and local agencies," and that "[u]ltimately, all risk and contingency planning remains the responsibility of

---

[2] As plaintiffs correctly observe, the government has not pointed to any *evidence* that this particular document was agreed to by anybody at all, let alone that it represents the actual agreement with Toledo. (Docket No. 52, p. 1-4, hereinafter "Pl. Opp.," ¶ 1). Rather, government's counsel baldly asserts that the exhibit "represent[s] the construction specifications that TEC was to follow." (Docket No. 57, hereinafter "Def. Opp.," ¶ A.1). At the same time, plaintiffs highlight various passages from this document to support their position. (See Docket No. 52, p. 4-10, hereinafter "Pl. St.", ¶¶ 1-6).

The joint failure of both sides to discover and offer a final contract—"critical evidence in evaluating the government's relationship with the contractor," Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011)—is a mystery. Nonetheless, in light of the government's representations regarding the bona fides of this document, plaintiffs' demonstrated acquiescence in construing it, and the absence of any allegation that it is inaccurate or incomplete, the court will admit it for consideration at summary judgment. See id. at 94-95 (finding no clear error in considering a "Solicitation, Offer and Award" form which, though neither naming nor signed by the alleged contractors, could be analyzed on strength of the AUSA's representations and plaintiffs' lack of serious objection).

[3] The government offers this document to prove that the Corps did not design or approve the detour, and that Toledo "submitted the design to the Department of Transportation and Public Works (DTOP) who evaluated and approved the same." (Def. St., ¶ 3). As plaintiffs correctly observe, the document says nothing about Corps review or approval, and "only notifies [its recipient] of the approval of a request [for] construction . . . ." (Pl. Opp., ¶ 3). The government quips back only with the non-responsive assertion that "Exhibit II is the approval for TEC to begin construction as soon as the $430,000.00 bond is placed." (Def. Opp., ¶ A.3). This document is only considered as evidence of DTOP's preliminary approval of Toledo's request.

Toledo . . . for execution of your design."[4]  (Def. St., ¶¶ 5-8).  The government shared a portion of the savings from Toledo's detour proposal with Toledo.  (Def. St., ¶ 4).

Plaintiffs highlight excerpts from the Puerto Rico Highway and Transportation Authority's 2005 "Standard Specifications for Roads and Bridges."  (Pl. St., ¶¶ 10-11, 13-14).

### *Inadmissible Evidence*

The government also offered two signed but unsworn declarations by Corps engineers. (Docket Nos. 45-5, 45-6).  Plaintiffs properly object that these declarations are not made under penalty of perjury, and therefore are inadmissible as testimonial evidence at summary judgment.[5]

---

[4] I stress these are admissible only to show the Corps made these statements to Toledo in its letter.  The question of whether Toledo is an independent contractor for FTCA purposes is a legal determination for the court.

[5] A factual position must be supported by "citing to particular parts of materials in the record, including . . . affidavits or declarations," which "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1)(A), 56(c)(4).  The Advisory Committee explains this rule by noting that "[a] formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit."  Advisory Comm. Notes to R. 56, 2010 Amendments.  That statute provides, in turn:
> Wherever, under any law of the United States or under any rule . . . made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>      (Signature)".
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>      (Signature)".

28 U.S.C. § 1746.  As the statutory form need only be "substantially" followed, courts forgive minor variances so long as the statement "has all of the critical elements: an acknowledgment of the penalties of perjury and a statement that the information in the declaration is true."  United States v. McNeal, 82 F. Supp. 2d 945, 950 (S.D. Ind. 2000). Accord United States v. 8 Gilcrease Ln, 587 F. Supp. 2d 133, 139 (D.D.C. 2008); Kersting v. United States, 865 F. Supp. 669, 676 (D. Haw. 1994) (collecting cases).

The government asserts that the exhibits are admissible "depositions, documents, electronically stored information, affidavits or declarations" under Rule 56(c)(1)(A).  (Def. Opp., ¶¶ A.9-A.12).  After carefully reviewing Exhibits V and VI, it is plain that while both declarants subscribe the documents as "true and correct to the best of my knowledge, information[,] and belief," neither document satisfies the "under penalty of perjury" requirement of § 1746.  Thus, notwithstanding Rule 56's reference to "declarations," these are inadmissible as testimonial evidence.

Playing gander to the government's goose, plaintiffs' expert report is also unsworn and therefore, at best, an inadmissible hearsay document of the purported expert's opinion. See Pack v. Damon Corp., 434 F.3d 810, 815 (6th Cir. 2006) (expert report was "unsworn and thus is hearsay, which may not be considered on a motion for summary judgment"); Capobianco v. City of New York, 422 F.3d 47, 55 (2d Cir. 2005) (admitting evidence because objection was waived below, but stating that unsworn physician's letters "generally are inadmissible hearsay that are an insufficient basis for opposing a motion for summary judgment"); Fowle v. C & C Cola, 868 F.2d 59, 67 (3d Cir. 1989) (unsworn expert report not admissible under former Rule 56(e)).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh the facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Leary v. Dalton, 58 F.3d 748, 751 (1st Cir. 1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." Crawford-El v. Britton, 523 U.S. 574, 600 n.22 (1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1). Once this threshold is met, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

However, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," Leary, 58 F.3d at 751, and an evaluating court may not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." Greenburg v. P.R. Maritime Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). Nonetheless, summary judgment is appropriate where the nonmoving party rests entirely upon "conclusory allegations, improbable inferences, and unsupported speculation" on any essential element. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## DISCUSSION

Plaintiffs seek compensation for the medical expenses, pain, and emotional distress they have borne as a result of the accident. The government argues that all claims should be dismissed because Toledo was an "independent contractor." The FTCA, subject to its exceptions, waives the United States' sovereign immunity for tort claims. Carroll v. United States, 661 F.3d 87, 93 (1st Cir. 2011). The scales are "tilted towards the government's claim of immunity," and the FTCA "must be construed strictly in favor of the federal government." Id. (citation and quotation marks omitted). Importantly, "[t]he FTCA expressly does *not* waive the government's immunity for claims arising from the acts or omissions of independent contractors." Id. (emphasis in original); see 28 U.S.C. § 2671 (in the FTCA, "the term 'Federal agency' . . . does not include any contractor with the United States."). The essential factor is whether the purportedly-independent contractor "exercises day-to-day supervision and control of its own activities." Id. at 95 (citing United States v. Orleans, 425 U.S. 807, 814-15 (1976)).

As the government correctly observes here, there is no evidence that the Corps exercised day-to-day control or supervision over the activities of Toledo or of Toledo's employees. Plaintiffs highlight section 52.246-12 of the Corps contract specification, which gives the government a right to inspect and demand replacement of the contractor's work product, and

Ríos Colón v. United States                                                                 Page 7
Civil No. 10-1681 (BJM) – Opinion and Order

conclude that "the [Corps] had control over the work performed by [Toledo] in the project . . . ." (Docket No. 51, ¶¶ 42-44). But "[c]ourts applying the FTCA have consistently held that a government's right to inspect the work of a contractor and to stop work that does not conform to the terms of the contract does not constitute control over the contractor's employees." Brooks v. A.R. & S. Enters., 622 F.2d 8, 12 (1st Cir. 1980) (collecting cases). Absent some evidence that the negligence of a federal agency or employee caused the accident, rather than that of an independent contractor, the government is entitled to summary judgment on this ground.

Plaintiffs contend that the Corps retained responsibility for complying with "'all applicable Federal and Commonwealth laws and regulations'" in the Project Coordination Agreement—an agreement between the Corps and Puerto Rico's DRNA. (Docket No. 51, ¶ 47) (quoting Docket No. 30-1, hereinafter "PCA," p. 17). While it is "possible for the government to hire independent contractors while retaining responsibility for a discrete aspect of their operations," Carroll, 661 F.3d at 97, this language in the Corps-DRNA agreement has no bearing on the government's responsibility vis-à-vis Toledo. Likewise, the existence of safety standards does not translate into retention of responsibility for their execution. (See Docket No. 51, ¶ 38). In any case, the contract specification—the only evidence here that sheds any light on that division of responsibility—expressly imposes liability on the contractor for "all damages to persons or property that occur as a result of the Contractor's fault or negligence." (Docket No. 45-1, p. 74, art. 52.236-7).

In sum, plaintiffs' failure to provide evidence showing either (1) that Toledo and its employees were supervised by the Corps, or (2) that the government retained responsibility for the safety measures in the PR-10 detour places their cause of action outside the FTCA's waiver of sovereign immunity. The government is therefore entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of November, 2012.

                                            *S/ Bruce J. McGiverin*
                                            BRUCE J. McGIVERIN
                                            United States Magistrate Judge